**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
JAMIE O. KENDALL (SBN 260231)
jkendall@dollamir.com
725 S. Figueroa Street, Suite 3275
Los Angeles, CA 90017
Tel: 213.542.3280
Fax: 213.542.3281

Attorneys for Defendant
AMAZON.COM SERVICES, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOLL AMIR & ELEY LLP

# UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| NS INTERNATIONAL TEXTILES, a South Korea Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC., a Delaware corporation: and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-04463-RGK-GJS<br><br>*District Judge R. Gary Klausner*<br>*Magistrate Judge Gail J. Standish*<br><br>**DEFENDANT AMAZON.COM SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[(Proposed) Order Filed Concurrently Herewith]*<br><br><u>Hearing Information</u>:<br><br>**DATE:  September 3, 2019**<br>**TIME:  9:00 a.m.**<br>**COURTROOM: 850**<br><br>Complaint Filed:      05/22/2019 |

1

DOLL AMIR & ELEY LLP

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on Tuesday, September 3, 2019, at 9:00 a.m., or as soon thereafter as this matter may be heard in the Courtroom of the Honorable Judge R. Gary Klausner, United States District Judge, Central District of California, Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Courtroom 850, 8th Floor, Los Angeles, California 90012, Defendant Amazon.com Services, Inc. ("Amazon") by and through its counsel, will and does hereby move the Court for an order to dismiss the above-captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion").

Specifically, Plaintiff's Complaint must be dismissed in its entirety for Plaintiff's failure to sufficiently plead the First, Second, and Third Causes of Action for copyright infringement, vicarious copyright infringement, and contributory copyright infringement.  Further leave to amend should not be granted, as there is no substantial similarity between the patterns at issue as a matter of law, without which, Plaintiff cannot state a claim for copyright infringement.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument that the Court may consider.

\\
\\
\\
\\
\\
\\
\\
\\

DEFENDANT AMAZON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1

## **Compliance with Local Rule 7-3**

2          This Motion is made following the conference of counsel pursuant to Local

3    Rule 7-3, which took place on July 9, 2019.

4                                        Respectfully submitted,

5    DATED:  July 26, 2019              DOLL AMIR & ELEY LLP

6

7                                        By:  */s/ Jamie O. Kendall*

8                                              GREGORY L. DOLL
                                              JAMIE O. KENDALL

9                                              Attorneys for Defendant
                                              AMAZON.COM SERVICES. INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION AND MOTION ........................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

I.      INTRODUCTION .......................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ....................................... 2

III.    LEGAL STANDARD .................................................................... 3

IV.     PLAINTIFF'S FIRST CAUSE OF ACTION MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT ................... 4

        A.      Plaintiff Does Not Sufficiently Allege Access to the Subject Design by Any Defendant ................................. 4

                1.      Plaintiff Does Not Sufficiently Allege Access by a "Chain of Events" ......................................... 5

                2.      Plaintiff Does Not Sufficiently Allege Access by "Widespread Dissemination" ............................ 6

        B.      The Subject Design and the Allegedly Infringing Product Are Not "Strikingly Similar" ................................ 7

        C.      Plaintiff Will Never Be Able to Allege Substantial Similarity, so Leave to Amend Should Not Be Granted .......... 9

V.      PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM FOR SECONDARY COPYRIGHT INFRINGEMENT ....................... 13

VI.     CONCLUSION ............................................................................ 15

DOLL AMIR & ELEY LLP

i

# TABLE OF AUTHORITIES

Page(s)

# CASES

*Art Attack Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009)..................................................................5, 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .........................................................................3, 4, 15

*Basile v. Twentieth Century Fox Film Corp.*,
    No. CV 14-4263 DMG (JPRx), 2014 WL 12521340 (C.D. Cal. Aug. 19,
    2014).................................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................ 3

*Bernal v. Paradigm Talent and Literary Agency*,
    788 F.Supp.2d 1043 (C.D. Cal. 2010)........................................................ 8

*Briggs v. Blomkamp*,
    70 F. Supp. 3d 1155 (N.D. Cal. 2014) .................................................... 8, 9

*Briggs v. Sony Pictures Entm't, Inc.*,
    714 F. App'x 712 (9th Cir. 2018).............................................................. 8

*Capcom Co., Ltd v. MKR Group, Inc.*,
    No. C 08-0904 RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008)............... 10

*Cavalier v. Random House, Inc.*,
    297 F.3d 815 (9th Cir. 2002)................................................................... 10

*Dumas v. Kipp*,
    90 F.3d 386 (9th Cir. 1996)...................................................................... 9

*Ets-Hokin v. Skyy Spirit, Inc.*,
    323 F.3d 763 (9th Cir. 2003)................................................................... 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340 (1991) ................................................................................ 4

*Funky Films, Inc. v. Time Warner Entertainment Co.*,
    462 F.3d 1072 (9th Cir. 2006)................................................................... 9

*Hoberman Designs, Inc. v. Gloworks Imports, Inc.*,
    No. CV 14-6743 DSF (SHX), 2015 WL 10015261 (C.D. Cal. Nov. 3,
    2015).................................................................................................... 11

*Jason v. Fonda*,
    526 F.Supp.774 (C.D. Cal. 1982)............................................................... 7

DOLL AMIR & ELEY LLP

ii

DOLL AMIR & ELEY LLP

*Kittrich Corp. v. United Indus. Corp.*,
No. CV 17-06211 DDP (PLAx), 2017 WL 10434389 (C.D. Cal. Oct. 18, 2017)...................................................................................................... 10

*Klauber Bros., Inc. v. H & M Hennes & Mauritz LP*,
Case No. CV 18-3507-MWF (SSX), 2018 WL 6985316 (C.D. Cal. Dec. 11, 2018).................................................................................... 6, 7

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
676 F.3d 841 (9th Cir. 2012)............................................4, 8, 10, 12

*Lambert Corp. v. LBJC Inc.*,
No. 2:13-cv-00778-CAS(JCGx), 2014 WL 2737913 .................................. 9

*Mattel, Inc. v. MGA Entertainment, Inc.*,
616 F.3d 904 (9th Cir. 2010)......................................................... 11

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
494 F.3d 788 (9th Cir. 2007)......................................................... 14

*Perfect 10, Inc. v. Yandex N.V.*,
962 F.Supp.2d 1146 (N.D. Cal. 2013) .................................................. 14

*Queenie, Ltd. v. Sears, Roebuck & Co.*,
124 F. Supp. 2d 178 (S.D.N.Y. 2000)............................................ 12, 13

*Rice v. Fox Broadcasting Co.*,
330 F.3d 1170 (9th Cir. 2003)........................................................... 6

*Seals–McClellan v. DreamWorks, Inc.*,
120 Fed. App'x 3 (9th Cir. 2004)..................................................... 8

*Star Fabrics, Inc. v. DKNY, Inc.*,
No. 2:13-CV-07293-ODW, 2014 WL 102809 (C.D. Cal. Jan. 9, 2014) 11, 12

*Star Fabrics, Inc. v. Wet Seal, Inc.*,
Case no. 2:14-cv-07163, 2014 WL 12591271 (C.D. Cal. Dec. 2, 2014) 5, 7, 9

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000)......................................................... 4, 7

*Unicolors v. NB Brother Corp.*,
Case no. 2:16-cv-02268, 2017 WL 2903189 (C.D. Cal. 2017) .................. 8, 9

*Universal Dyeing & Printing, Inc. v. US Textile Printing, Inc.*,
No. CV 09-09132 DDP, 2011 WL 4084557 (C.D. Cal. Sept. 13, 2011)........ 9

*Wongab Corp. v. Nordstrom, Inc.*,
No. CV1702974ABAGRX, 2017 WL 10439833 (C.D. Cal. Sept. 21, 2017)..................................................................................... 5, 9

## **OTHER AUTHORITIES**

Compendium of Copyright Office Practices § 906.1 (Rev. Sept. 29, 2017)........... 11

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOLL AMIR & ELEY LLP

## **RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................. 3

Fed. R. Civ. P. 8(a) .................................................................................... 3

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Amazon.com Services, Inc. ("Amazon") respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss the Complaint of Plaintiff NS International Textiles ("Plaintiff").

## I.   INTRODUCTION

Plaintiff's attorneys routinely file materially identical complaints for copyright infringement in this District that consistently fall short of the federal pleading standards.  The instant Complaint is no different, and should be dismissed for its failure to plead facts sufficient to state claims for either direct or secondary copyright infringement against Amazon.

Direct copyright infringement requires proof of both: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. Copying may be proven by direct or circumstantial evidence.  Circumstantial evidence must prove either (a) widespread dissemination of the work or (b) a chain of events showing a reasonable possibility that a defendant had access to the copyrighted material.  Here, Plaintiff's factual allegations in the Complaint fail to demonstrate any concrete facts supporting a reasonable possibility that Amazon had access to Plaintiff's alleged copyrighted design.  Further, Plaintiff's design and the alleged infringing product are not "strikingly similar," such that the legal inference of copying can be drawn.  Accordingly, Plaintiff's First Cause of Action must be dismissed.  Moreover, it must be dismissed with prejudice because the two designs, both of which are attached to the Complaint and before the Court, are not substantially similar.  With no "substantial similarity," there can be no copyright infringement as a matter of law.

In addition, secondary copyright infringement cannot be established unless an underlying cause of action for direct copyright infringement is shown.  Here, because Plaintiff failed to establish the prerequisite of direct copyright infringement, its claims for secondary copyright infringement (*i.e.*, the Second Cause of Action for Vicarious

DOLL AMIR & ELEY LLP

Copyright Infringement and the Third Cause of Action for Contributory Copyright Infringement) must be dismissed.  Plaintiff's Second and Third Causes of Action also fail for the separate and distinct reason that Plaintiff has not pled a single fact supporting the conclusory allegations that Amazon is vicariously or contributorily liable for the alleged infringement.  For these reasons, which are more fully explained below, Plaintiff's Complaint, and each cause of action therein, should be dismissed for failure to state a claim on which relief can be granted, and leave to amend should not be granted.

## II.    STATEMENT OF RELEVANT FACTS

On May 22, 2019, Plaintiff filed its Complaint, alleging that it "is the owner and author of a two-dimensional artwork called NS085" (the "Subject Design").  *See* Dkt No. 1 ("Compl.") at ¶ 10.  Plaintiff alleges that it applied for a copyright for the Subject Design from the Copyright Office and was granted Registration VA 2-026-791.  *Id*. at ¶ 11.  Plaintiff further alleges that it formatted the Subject Design for use on textiles, sampled it, and negotiated sales of fabric bearing the design.  *Id.* at ¶ 12.  Plaintiff also alleges that Amazon "purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design."  *Id*. at ¶ 12; *see also id.* at ¶ 21 (similar allegations regarding alleged infringement through alleged importing, creating, marketing).

Photographs of the Subject Design are attached as Exhibit A to the Complaint and photographs of the allegedly infringing garment are attached as Exhibit C to the Complaint – exemplars are cut and pasted below for easy reference as follows:

\\

\\

\\

\\

\\

DOLL AMIR & ELEY LLP

| "Subject Design" (Exhibit A) | Examples of allegedly infringing product (Exhibit C) |
|---|---|
|  |  |

*Id.* at ¶¶ 10, 14.

## III.   LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are

3

1  'merely consistent with' a defendant's liability, it 'stops short of the line between
2  possibility and plausibility'" that the plaintiff is entitled to relief.  *Id.* (quoting
3  *Twombly*, 550 U.S. at 557).  "A pleading that offers 'labels and conclusions' or 'a
4  formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting
5  *Twombly*, 550 U.S. at 555).

6  **IV.   PLAINTIFF'S FIRST CAUSE OF ACTION MUST BE DISMISSED**
7  **BECAUSE IT FAILS TO STATE A CLAIM FOR DIRECT**
8  **COPYRIGHT INFRINGEMENT**

9      A prima facie case for direct copyright infringement requires proof of the
10  following two elements: "(1) ownership of a valid copyright, and (2) copying of
11  constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel.*
12  *Serv. Co.*, *Inc.*, 499 U.S. 340, 361 (1991).  A plaintiff may prove the second element
13  by direct or circumstantial evidence.[1]  *See L.A. Printex Indus., Inc. v. Aeropostale,*
14  *Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).  Circumstantial evidence of copying requires
15  proof of both of the following: "(1) that the defendant had access to the plaintiff's
16  work and (2) that the two works are substantially similar."  *Id.* (citing *Smith v.*
17  *Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)).  Here, Plaintiff's Complaint fails to
18  sufficiently allege access by any defendant to the Subject Design.  As a result,
19  Plaintiff's First Cause of Action must be dismissed.

20      **A.   Plaintiff Does Not Sufficiently Allege Access to the Subject Design by**
21      **Any Defendant**

22      "Proof of access requires 'an opportunity to view or to copy [the] plaintiff's
23  work.'"  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000)
24  (quoting *Sid and Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d
25  1157, 1172 (9th Cir. 1977)).  A plaintiff must demonstrate "a reasonable possibility,

26  _____

27  [1] The Complaint makes no allegation of direct copying.  *See generally* Compl.  This is
28  because it cannot so allege, given that, as Plaintiff is no doubt already aware, it was
third parties – not Amazon – that actually produced and sold the garment at issue.

DOLL AMIR & ELEY LLP

1   not merely a bare possibility, that an alleged infringer had the chance to view the

2   protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc*., 581 F.3d 1138, 1143 (9th

3   Cir. 2009).  Access may also be proven by direct or circumstantial evidence.  *Id*.

4   Only the circumstantial prong is relevant here, as the Complaint makes no allegation

5   of direct access to the Subject Design by any defendant.  *See generally* Compl.  To

6   adequately allege access by circumstantial evidence, a plaintiff must allege facts

7   either: "(1) establishing a chain of events linking the plaintiff's work and the

8   defendant's access, or (2) showing that the plaintiff's work has been widely

9   disseminated."  *Id*.

10          **1.      Plaintiff Does Not Sufficiently Allege Access by a "Chain of**

11                  **Events"**

12          Plaintiff's attempt to establish access by a chain of events fails to demonstrate a

13   reasonable possibility that Amazon or any other defendant had an "opportunity to

14   view or to copy" the Subject Design.  The Complaint alleges, on information and

15   belief, that defendants had access to the design based on access to:  (1) Plaintiff's

16   showroom or design library; (2) illegally distributed copies of the design;

17   (3) Plaintiff's strike-offs, swatches, paper CADs and samples; and (4) lawfully

18   manufactured garments in the marketplace bearing the design.  Compl., ¶¶ 13, 20.

19   These allegations amount to no more than a speculative list of the potential ways a

20   defendant could have theoretically accessed the Subject Design.  Because the

21   Complaint fails to allege any concrete facts specifically linking Amazon to the

22   Subject Design, Plaintiff has not adequately alleged access by a "chain of events."

23   *See Star Fabrics, Inc. v. Wet Seal, Inc.*, Case No. 2:14-cv-07163, 2014 WL 12591271,

24   *4 (C.D. Cal. Dec. 2, 2014) (dismissing complaint for failure to adequately allege

25   access via a chain of events where the allegations of access were substantively

26   identical to those pled by Plaintiff in the instant case); *see also Wongab Corp. v.

27   Nordstrom, Inc.*, No. CV1702974ABAGRX, 2017 WL 10439833, at *5 (C.D. Cal.

28   Sept. 21, 2017) (same); *Klauber Bros., Inc. v. H & M Hennes & Mauritz LP*, Case

DOLL AMIR & ELEY LLP

No. CV 18-3507-MWF (SSX), 2018 WL 6985316, *4 (C.D. Cal. Dec. 11, 2018) (same); *Art Attacks Ink*, 581 F.3d at 1143-44 (finding no chain of events where the plaintiff proffered evidence that one of the defendant's decision-makers attended a county fair where the plaintiff displayed its designs because there was no evidence the decision-maker saw the design or visited the fair during the relevant time period).

### 2. Plaintiff Does Not Sufficiently Allege Access by "Widespread Dissemination"

Plaintiff has also failed to adequately allege access by widespread dissemination. In a vague and conclusory fashion, the Complaint alleges that at some unspecified time, "Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design." Compl. at ¶ 12. Pursuant to relevant case law, these allegations are insufficient to plead access by widespread dissemination.

For example, in *Art Attacks*, the plaintiff contended there was widespread dissemination of the work at issue because: (1) the work was displayed at plaintiff's booth at a county fair where millions attended and in retail stores; (2) the work was printed on T-shirts, "which serve as 'walking billboards,'" of which 2,000 units were sold per year; and (3) the work was available to view and purchase via the internet. 581 F.3d at 1144-1145. The court disagreed, finding the above described dissemination was not widespread, and holding that the plaintiff failed to show "more than a 'bare possibility'" of access. *Id*. at 1145.

Similarly, in *Rice v. Fox Broadcasting Co*., the court held that 17,000 videos sold over a 13-year period "cannot be considered widely disseminated," even though the plaintiff showed that there was a great deal of publicity surrounding the release of the video, various niche publications ran stories about the video, and the video was featured on *Entertainment Tonight*. 330 F.3d 1170, 1178 (9th Cir. 2003).

/ / /

/ / /

DOLL AMIR & ELEY LLP

Additionally, in *Jason v. Fonda*, the plaintiff alleged that she sold 2,000 copies of her book nationwide, with somewhere between 200-700 of those units sold in Southern California, where defendants were located.  526 F.Supp.774, 776 (C.D. Cal. 1982).  The court held that the extent of distribution "create[d] no more than a 'bare possibility' that defendants may have accessed plaintiff's book." *Id*. at 776-777.

Here, Plaintiff also fails to allege more than the "bare possibility" that any of the defendants, let alone Amazon, may have accessed the Subject Design.  For example, Plaintiff does not allege the approximate quantity of fabric bearing the design that it has allegedly distributed.  Nor does Plaintiff allege the approximate number of parties in the fashion and apparel industries to whom it has allegedly distributed the design—instead, Plaintiff vaguely alleges that it distributed the fabric. In short, because the Complaint fails to quantify the design's dissemination in any way, it falls short of demonstrating a reasonable possibility of access and must be dismissed. *See Star Fabrics, Inc*., 2014 WL 12591271 at *4 (dismissing complaint for failure to adequately allege access via widespread dissemination where the allegations of access were identical to those pled by Plaintiff in the instant case); *Klauber Bros., Inc.*, 2018 WL 6985316 at *4 (same).

## B.   The Subject Design and the Allegedly Infringing Product Are Not "Strikingly Similar"

Having failed to adequately allege access to the Subject Design, Plaintiff's claims cannot survive dismissal unless the Subject Design and the allegedly Infringing Product are "strikingly similar."  They are not.  *See* Compl. at Exs. A, C (photographs of the Subject Design and allegedly infringing product).

Under Ninth Circuit precedent, "substantial similarity is inextricably linked to the issue of access." *Three Boys Music Corp*., 212 F.3d at 485.  Thus, even where a plaintiff fails to demonstrate access, the plaintiff may still state a claim for infringement by showing that the works are "strikingly similar." *Id*. (citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996)).  But, "[s]triking similarity is a high

7

bar." *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014), *aff'd sub nom. Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712 (9th Cir. 2018). This doctrine applies only where the works are "so strikingly similar as to preclude the possibility of independent creation." *Bernal v. Paradigm Talent and Literary Agency*, 788 F.Supp.2d 1043, 1052 (C.D. Cal. 2010) (quoting *Meta-Film Assoc., Inc. v. MCA Inc.*, 586 F.Supp.2d 1346, 1355 (C.D. Cal. 1984)) (internal quotation marks omitted); *see also Seals–McClellan v. DreamWorks, Inc.,* 120 Fed. App'x 3, 4 (9th Cir. 2004) ("To show a striking similarity between works, a plaintiff must produce evidence that the accused work *could not possibly* have been the result of independent creation.") (emphasis in orig.); *Unicolors v. NB Brother Corp.*, Case No. 2:16-cv-02268, 2017 WL 2903189, *5-6 (C.D. Cal. 2017) ("This rule only applies [ ] where 'as a matter of logic, the only explanation [for the similarities] between the two works must be copying rather than . . . coincidence, independent creation, or prior common source.'") (quoting *Nimmer on Copyright* § 13.02[B] (2009) (internal quotation marks omitted)).

An objective review of the photos of the Subject Design (*see* Ex. A to the Compl.) and the allegedly infringing product (*see* Ex. C to the Compl.) demonstrates that they are not strikingly similar. In the context of fabric designs, courts must examine "the similarities in the objective details in appearance, including, but not limited to, the subject matter, shapes, colors, materials, and arrangement of the representations." *L.A. Printex*, 676 F.3d at 849 (internal quotation marks omitted).

Here, the Subject Design features a variety of shapes, colors, and patterns (*e.g.*, paisley, floral, tribal, tie dye, geometric), and the overall look and feel of the Subject Design and the design on the allegedly infringing garment are completely different. Amazon cannot even determine, from a review of the Complaint's barebones allegations and the exhibits attached thereto, what in the Subject Design is alleged to have been copied in the allegedly infringing garment. During meet and confer communications in advance of this motion, counsel for Plaintiff indicated that the

DOLL AMIR & ELEY LLP

alleged infringement concerns only the orange/yellow design at the top of Exhibit A to the Complaint (the "Specific Subject Design"). Even if one focuses on this Specific Subject Design, it is not strikingly similar to the allegedly infringing garment – *i.e.*, the patterns are not so similar that "'it is virtually impossible that the two works could have been independently created.'" *See Briggs*, 70 F. Supp. 3d at 1167 (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.02[B] (2005)).

Accordingly, because Plaintiff has not adequately pled access, and the Subject Design and allegedly infringing pattern are not strikingly similar as a matter of law, Plaintiff's claim for direct copyright infringement must be dismissed. *See Star Fabrics*, 2014 WL 12591271 at *7 (dismissing complaint for plaintiff's failure to adequately allege access or raise an inference of copying based on the designs' striking similarity); *Wongab*, 2017 WL 10439833, at *7 (same); *Unicolors* , 2017 WL 2903189 at *5-6 (denying summary judgment where plaintiff failed to prove access and the designs at issue were not strikingly similar as a matter of law); *Lambert Corp. v. LBJC Inc.*, No. 2:13-cv-00778-CAS(JCGx), 2014 WL 2737913 at *4-5 (same).

## C.   Plaintiff Will Never Be Able to Allege Substantial Similarity, so Leave to Amend Should Not Be Granted

When amendment of the complaint will be futile, dismissal with prejudice is warranted. *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996). This case should be dismissed with prejudice, given that Plaintiff can never allege "substantial similarity" between the Subject Design and the alleged infringing design. If there is no substantial similarity, then as a matter of law, there is no copyright infringement. *See Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006); *Universal Dyeing & Printing, Inc. v. US Textile Printing, Inc.*, No. CV 09-09132 DDP, 2011 WL 4084557, at *3 (C.D. Cal. Sept. 13, 2011).

Where "the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Kittrich Corp. v. United Indus. Corp.*, No. CV 17-06211

DOLL AMIR & ELEY LLP

DDP (PLAx), 2017 WL 10434389, at *4 (C.D. Cal. Oct. 18, 2017) (citing *Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945)) (acknowledging that while in other cases, everyday experience may not be sufficient to enable the court to perform the extrinsic test without expert testimony, the court could do so because the text, colors and images to be compared were sufficiently ordinary, finding no substantial similarity, and granting motion to dismiss); *see also Capcom Co., Ltd v. MKR Group, Inc.*, No. C 08-0904 RS, 2008 WL 4661479, at *4-5 (N.D. Cal. Oct. 20, 2008) (collecting cases determining no substantial similarity as a matter of law).  In this case, photos of both the Subject Design and the alleged infringing garments are attached as exhibits to the Complaint, and are accordingly, properly before the Court now for a determination of no substantial similarity as a matter of law.

The Ninth Circuit's substantial similarity inquiry is made up of an objective "extrinsic test" and a subjective "intrinsic test."  *L.A. Printex*, 676 F.3d at 848. However, "in the event that the claim fails when analyzed under the objective 'extrinsic' prong, [it is] subject to dismissal.  *Capcom Co., Ltd v. MKR Group, Inc.*, No. C 08-0904 RS, 2008 WL 4661479, at *5 (N.D. Cal. Oct. 20, 2008); *see also Basile v. Twentieth Century Fox Film Corp.*, No. CV 14-4263 DMG (JPRx), 2014 WL 12521340, at *4 (C.D. Cal. Aug. 19, 2014) ("At the pleadings stage, only the objective extrinsic test applies.").

The extrinsic test entails "an objective comparison of specific expressive elements."  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). "When applying the extrinsic test, a court must filter out and disregard the non-protectible elements in making its substantial similarity determination."  *Id.*  Elements of a copyrighted work that are not protectable can include standard or stock elements flowing from a commonplace idea.  *Ets-Hokin v. Skyy Spirit, Inc.*, 323 F.3d 763, 765 (9th Cir. 2003); *see, e.g., L.A. Printex*, 676 F.3d at 850 (plaintiff's image "has elements that are not protectable, for example the combination of open flowers and closed buds in a single bouquet or the green color of stems and leaves").  "A

DOLL AMIR & ELEY LLP

geometric shape alone is not eligible for copyright protection." *Hoberman Designs, Inc. v. Gloworks Imports, Inc.*, No. CV 14-6743 DSF (SHX), 2015 WL 10015261, at *4 (C.D. Cal. Nov. 3, 2015) (citing *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 545 (2d Cir. 1959)); *see also* Compendium of Copyright Office Practices § 906.1 (Rev. Sept. 29, 2017) ("The Copyright Act does not protect common geometric shapes, either in two-dimensional or three-dimensional form. There are numerous common geometric shapes, including, without limitation, straight or curved lines, circles, ovals, spheres, triangles, cones, squares, cubes….").

"If there is only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), the copyright protection is 'thin' and a work must be 'virtually identical' to infringe." *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 914 (9th Cir. 2010). Here, focusing on the Specific Subject Design, even assuming Plaintiff has a valid copyright, the scope of such copyright protection is thin, as the design is made up of geometrical lines and shapes in the public domain, such as semi-circles, ovals, and cones.

The opinion in *Star Fabrics, Inc. v. DKNY, Inc.,* No. 2:13-CV-07293-ODW, 2014 WL 102809, at *5 (C.D. Cal. Jan. 9, 2014) ("*DKNY*") is helpful. On a motion for default judgment, the *DKNY* court found no substantial similarity between the following two distorted chevron fabric patterns:


Copyrighted 63390 pattern


Accused product

DOLL AMIR & ELEY LLP

The court stressed that the plaintiff owned a copyright only in the way plaintiff represented the chevron design in its work – but not in the chevron design – because "copyright protection is given only to the expression of the idea – not the idea itself." *Id.* (citations omitted).  Given that the patterns did not share the same hues, pattern of repetition of hues, wavelengths, or entire look and feel, the court found that Plaintiff had failed to prove substantial similarity and held there was no copyright infringement.  *Id.*

The district court for the Southern District of New York's opinion in *Queenie, Ltd. v. Sears, Roebuck & Co.*, 124 F. Supp. 2d 178 (S.D.N.Y. 2000) is also instructive here.[2]  In the *Queenie* case, the court analyzed whether the patterns at issue – both incorporating regular and irregular staggered and straight boxes and rips and tears – were substantially similar.  *Id.* at 180.  The court noted that the idea of arranging boxes and tears could not be copyrighted, and the scope of plaintiff's copyright was narrow.  *Id.*  In its substantial similarity analysis, the court reasoned:

> In this case, it is difficult to extract which particular elements of the Queenie garment are protectible and which are unprotectible. [fn] For example, is it placement of a pink square next to a mauve square? A smeared green square with an edge touching an orange square? Certainly the entire body of copyright law does not revolve around such refined and impossible distinctions. Common sense would instruct, therefore, that it is only the particular expression of the Queenie garment—that is, the *exact* expression resulting from the arrangement, colors, textures, rips, etc.—that can be protected by the copyright law. In other words, infringement would result only from a garment virtually identical to Queenie's but featuring a different label. In that case, a rose by another name would still be a rose. The state of the law accords with this common sense conclusion. This Court has noted that, "one cannot copyright a box or a rip." *Queenie, Ltd. v. Notations, Inc. et al.,* 1999 WL 1044368, at *5 (S.D.N.Y. Nov.18, 1999). To the extent that works are similar in ideas and general concepts, those similarities are not infringements. *See Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1507 (9th Cir.1987). Furthermore, similarity in expression is non-infringing when the nature of the creation makes such similarity necessary. *See Past Pluto Prods. Corp. v. Dana,* 627 F.Supp. 1435, 1444 (S.D.N.Y. 1986). This "indispensable copying" is infringing only if the works are virtually identical. [fn] *See Ring v. Estee Lauder, Inc.,* 874 F.2d 109–110

---

[2]  *See L.A. Printex*, 676 F.3d at 850 (Ninth Circuit opinion noting that the Second Circuit's substantial similarity "reasoning, at least in the context of fabric designs, is persuasive, and it guides our comparison of the designs in this case.").

DOLL AMIR & ELEY LLP

1
2
3
4

(2d Cir.1989); *Deering Milliken, Inc. v. Quaker Fabric Corp.,* 187 U.S.P.Q. 288, 290 (S.D.N.Y.1975); *see also* Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 13.03[B][2][b] ("[I]f the only original aspect of a work lies in its literal expression, then only a very close similarity, verging on the identical, will suffice to constitute an infringing copy.").

5
6
7
8
9
10
11
12

*Id.* at 181.  The court compared various specific aspects of each pattern (*e.g.*, the colors, the "feel" of the designs, the different sizes of the boxes, and the pronounced and bulging look of tears on one, versus the uniform and consistent look of the other). *Id.* at 181-182.  Ultimately, the court granted summary judgment for the defendant, reasoning that even assuming that the defendant *had* made a knock-off of the plaintiff's design, the palette of colors, fabric, size, and appearance were sufficiently altered to preclude a finding of the substantial similarity necessary for copyright infringement.  *Id.* at 182.

13
14
15
16
17
18
19
20
21

As the courts found above in *Queenie* and *DKNY*, a comparison of the designs at issue here reveal they are not substantially similar – which is fatal to Plaintiff's case.  Any similarities between the Specific Subject Design and the allegedly infringing garment's pattern are driven solely by ideas – *i.e.*, nestled and repeating geometric lines and shapes.  *See* Attachment 1, detailing the differences between the designs.  Looking at the protectable elements of each design – there is no substantial similarity:  the colors are different, the depiction of shapes are different, the spacing is different, the line thickness is different, and the overall look and feel of the two patterns are different.  The complaint should be dismissed with prejudice.

22
23
24

**V.   PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM FOR SECONDARY COPYRIGHT INFRINGEMENT**

25
26
27
28

Plaintiff's claims for vicarious and contributory copyright infringement fail for two reasons.  First, as demonstrated herein, Plaintiff has not pled a viable claim for direct copyright infringement.  To establish contributory liability, a plaintiff "must first establish direct infringement by third parties because secondary liability cannot

DOLL AMIR & ELEY LLP

13

otherwise exist." *Perfect 10, Inc. v. Yandex N.V.*, 962 F.Supp.2d 1146, 1158 (N.D. Cal. 2013).  Likewise, "vicarious liability requires an underlying act of direct infringement."  *Id.*  Accordingly, because Plaintiff has not stated a claim for direct infringement, Plaintiff's Second and Third Causes of Action for vicarious and contributory copyright infringement fail as a matter of law and must be dismissed for that reason.

Second, these claims fail for the additional and distinct reason that Plaintiff has not alleged facts sufficient to state claims for either contributory or vicarious copyright infringement.

In order to state a claim for vicarious copyright infringement, a plaintiff must allege that a defendant has "(1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity."  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) (citation omitted).  With respect to vicarious infringement, Plaintiff concludes without any supporting facts that "Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product."  Compl. at ¶ 28. Plaintiff does not identify any other defendant by name, or any person or entity that Amazon allegedly "supervised" and does not plead any facts supporting the conclusion that Amazon supervised the conduct of said unidentified party.  Further, Plaintiff does not plead any facts that would support the conclusion that Amazon has a direct financial interest in the alleged infringing activity of the unidentified alleged infringer.

In order to state a claim for contributory copyright infringement, a plaintiff must allege that the defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct."  *Visa Int'l Serv. Ass'n*, 494 F.3d at 795 (internal quotation omitted).  Again, the Complaint does not identify the alleged direct infringer, much less provide facts

DOLL AMIR & ELEY LLP

14

1  supporting the conclusion that Amazon knew of that person or entity's alleged

2  infringement.  *See* Compl. at ¶¶ 32-36 (charging allegations for contributory

3  copyright infringement cause of action).  Nor does the Complaint allege any facts

4  supporting the conclusion that Amazon induced, caused, or materially contributed to

5  the unidentified direct infringer's alleged conduct.  *See id.*

6      Plaintiff's failure to plead facts sufficient to support the elements of

7  contributory or vicarious copyright infringement render its Second and Third Causes

8  of Action subject to dismissal.  *See Iqbal*, 556 U.S. at 678 (a complaint does not

9  suffice "if it tenders naked assertions devoid of further factual enhancement")

10  (citation and internal quotation marks omitted).

## VI.   CONCLUSION

12      For each of the foregoing reasons, Amazon respectfully requests that the Court

13  grant this Motion and dismiss Plaintiff's Complaint in its entirety without leave to

14  amend.

Respectfully submitted,

DATED:  July 26, 2019          DOLL AMIR & ELEY LLP

By:  */s/ Jamie O. Kendall*
    GREGORY L. DOLL
    JAMIE O. KENDALL
    Attorneys for Defendant
    AMAZON.COM SERVICES. INC.

DOLL AMIR & ELEY LLP

15

Attachment 1

Detail of Pattern on Plaintiff's "Subject Design"

- "Onion" and "U" Shapes:  At the end of the design is a shape that resembles a cut onion – light brown, fading into dark brown.  On both sides of the "onion" are mirror image sharp and defined 3-D "u" shapes that are mostly light orange, but there are also two purple, one dark orange, and one white "u" on either side.  When the "u" shapes flanking the onion meet at the top, there are then three larger "u" shapes arching across the entire width or the onion and lower "u" shapes.  The larger "u" shapes are orange and white, and one of the larger orange shapes has a pointed bump at its center, which is filled in with a darker orange triangle.  This is all set against a background of the same colors as in the onion – darker brown in the center, fading to lighter/whitish brown on both sides.

- Conical Shapes:  These shapes, which are 3-D in appearance, are made up of six thin, crisp and straight black ribs pointing out/away from the middle of the design and six less crisp grey and white ribs pointing in/toward the middle.  The grey and white ribs are thicker and a bit curved as they come to their middle point (like the "(" symbol).  The spaces between the black ribs are a lighter orange color, while the spaces between the grey/white ribs are a darker orange color.  Where the points of the inward and outward facing ribs meet, the corner or "L" shape of orange background is covered up by a purple corner or "L" shape.

- X-Shape:  In between the two conical shapes, there is an "x" shape, made out of wavy purple and white lines.  The conical shapes (above) are above and below the "x" shape.

- Heart-Shape next to "X":  At the left and right corners of the "x" shape, there is a white ribbed heart shape, with the point of the "heart" nestled into the corner of the "x".  There are smaller, and nestled equidistantly, white heart-shaped ribs and inside all of those is a small hollow white pointed oval shape with purple in the middle.  In between the white ribs is a mostly light orange background, although you can also see behind to where black lines from the outward pointing ribs of the cones (discussed above) curve around, turn into purple, and meet each other in an 'm" shape.

Detail of Pattern on Allegedly Infringing Product



- Shape next to and outside of Pyramid Shape: There is no cut onion shape. There is a lighter pink triangle that points toward the pyramid shape below. Flanking the triangle are little navy blue and red roundish shapes. At the top of the triangle, are two "u" shapes of the same color pink as the triangle. Above those two "u's", is another navy blue oval shape. Above that is one overarching pink wide "u" shape. This is all on an almost tie-dye or watercolor textured background of darker and lighter reds.

- Pyramid Shapes: There are two facing mirror image ribbed shapes resembling flat pyramids. The flat pyramids have seven pink ribs pointing "inward" (toward the middle of the two mirror images) and four darker pink/red ribs pointing outward. The ribs are all about the same thickness, but the outward darker ribs have less negative space between them. None of the ribs are curved – they look like two sides to a square. They are all on a navy blue background, but the blue is darker under the outward facing ribs.

- X-Shape: The ribs of the two pyramid shapes pointing toward the middle (in the exemplar the light pink ribs) meet together in a crisp "x" shape. This "x" shape is the same color and thickness as the rest of the center-facing ribs. The "x" is a part of the flat pyramids, not in between them, as is the case on the Subject Design.

- Shape next to "X": The shapes at the top and bottom corners of the "X" do not resemble a heart at all. They look more like a robot or alien face. They are the same color as the inward facing ribs in the pyramid shapes, and the inner ribs are not spaced equidistantly, unlike the Subject Design.

- Overall Appearance: More muted and monocromatic color scheme and simpler and flatter appearance than the Subject Design